**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2153**

JULIA E. BLACKWOOD,

Plaintiff - Appellant,

v.

BERRY, DUNN, MCNEIL & PARKER, LLC; NICOLE Y. BECNEL; JANE
DOE(S),

Defendants - Appellees.

Appeal from the United States District Court for the Southern District of West Virginia, at
Charleston.  John T. Copenhaver, Jr., Senior District Judge.  (2:18-cv-01216)

Submitted:  September 30, 2020                    Decided:  November 2, 2020

Before HARRIS and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

Michael D. Weikle, Tiffin, Ohio, for Appellant.  Brian J. Moore, Kelsey Haught Parsons,
DINSMORE & SHOHL LLP, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julia E. Blackwood appeals the district court's order denying her motion to remand her case to state court. Finding no error, we affirm.*

We review de novo a district court's order relating to the propriety of removal and fraudulent joinder. *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015). Generally, complete diversity is necessary for a federal district court to exercise diversity jurisdiction. *Id.* Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires (1) diversity of state citizenship between plaintiffs and defendants, and (2) that the amount in controversy exceeds $75,000, exclusive of interest and costs.

> However, the fraudulent joinder doctrine provides that diversity jurisdiction is not automatically defeated by naming non-diverse defendants. The district court can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants. It can retain jurisdiction upon the non-moving party showing either that the plaintiff committed outright fraud in pleading jurisdictional facts, or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.

*Weidman*, 776 F.3d at 218 (citations and internal quotation marks omitted).

Blackwood contends that she had a possibility of recovering against Nicole Becnel on her severance pay, defamation, and invasion of privacy claims. We disagree. Blackwood's complaint is devoid of allegations that Becnel qualified as an officer or manager under the West Virginia Wage Payment Act. *See* W. Va. Code § 21-5-1(a), (h).

---

* We ordered supplemental briefs to address whether we have jurisdiction over this appeal. After reviewing the parties' submissions, we conclude that we have jurisdiction. *See Affinity Living Grp., LLC v. StarStone Specialty Ins. Co.*, 959 F.3d 634, 636-69 (4th Cir. 2020); *Waugh Chapel S., LLC v. United Food & Com. Workers Union Local 27*, 728 F.3d 354, 359 (4th Cir. 2013).

2

Similarly, Blackwood did not allege any specific defamatory statement that Becnel made or how she was injured by such statements. *See Greenfield v. Schmidt Baking Co.*, 485 S.E.2d 391, 399 (W. Va. 1997). Finally, Blackwood had no possibility of recovering against Becnel on her invasion of privacy claim because she did not allege where the photographs of her sleeping at work – the source of the alleged invasion – were taken. This detail is critical because a reasonable person would expect their privacy to be limited in the public areas of her workplace. *See Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70, 83-85 (W. Va. 1983).

Therefore, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3